UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSE LUIS REYES CHAVEZ,

        Petitioner,

    v.

WARDEN, TACOMA NORTHWEST

DETENTION CENTER, et al.,,

        Respondents.

Case No. 26-cv-01712-TMC

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS

## I.    INTRODUCTION AND BACKGROUND

Petitioner Jose Luis Reyes Chavez, a 51-year-old citizen of Mexico, entered the United States without inspection approximately 25 years ago. Dkt. 1 at 3. He has three children who are U.S. citizens and has no criminal history. Dkt. 6-1 at 2. On May 7, 2026, Immigration and Customs Enforcement ("ICE") agents arrested Petitioner in St. George, Utah while he was on his way to work and transferred him to the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, where he remains detained. Dkt. 1 at 3. ICE has initiated removal proceedings and Petitioner has not yet had a bond hearing before an immigration judge ("IJ") to seek release pending the outcome of those proceedings. Dkt. 3 at 3; Dkt. 5 at 4.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

On May 19, 2026, Petitioner filed this petition for writ of habeas corpus. Dkt. 1. On May 28, Petitioner filed an amended petition. Dkt. 3. On June 3, Respondents filed a return to the habeas petition. Dkt. 5. Petitioner has not filed a traverse and the habeas petition is now ready for review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

Although Petitioner does not expressly refer to the Court's decision in *Rodriguez Vazquez*, this matter falls squarely within its parameters. Without specifically referring to the three prongs of *Rodriguez Vazquez*, Petitioner challenges the validity of his current detention under 8 U.S.C. § 1225(b) and states facts that demonstrate his membership in the *Rodriguez Vazquez* class. It is undisputed that at some point in 2000, Petitioner entered the United States without inspection, was not apprehended upon arrival, and is not subject to detention under any of the disqualifying provisions set forth in *Rodriguez Vazquez*. *See* Dkt. 3 at 3; Dkt. 6-1 at 3. The Court determined that similarly situated petitioners in *Rodriguez Vazquez* were entitled to a bond hearing, holding that the INA does not require mandatory detention of noncitizens who meet the three prongs set forth in the definition of class membership. *See* 802 F. Supp. 3d at 1336. Further, while Respondents do not concede that *Rodriguez Vasquez* was correctly decided, they do not oppose Petitioner being considered a member of the *Rodriguez Vazquez* Class for purposes of this litigation. Dkt. 5 at 3.

While Petitioner also frames his argument as a constitutional violation, arguing that his "Detention Without Any Bond Hearing Violates Due Process," *see* Dkt. 3 at 7, under the doctrine of constitutional avoidance, the Court need not consider this claim. The construction of the INA adopted in *Rodriguez Vazquez* is sufficient to entitle Petitioner to a bond hearing. *See Green v. Miss United States of America, LLC*, 52 F.4th 773, 795 (9th Cir. 2022) (although not required, under the "long tradition of constitutional avoidance," courts typically "should resolve a case, when possible, on statutory grounds before reaching any constitutional question").

Petitioner has thus shown that his mandatory detention under § 1225(b) violates the INA, entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3). Accordingly, the Court GRANTS the amended habeas petition.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

## IV.   CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.      The amended petition for writ of habeas corpus (Dkt. 3) is GRANTED.

2.      Within fourteen days of receiving Petitioner Jose Luis Reyes Chavez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

3.      If Petitioner is released, Respondents must return to him any personal property, including any personal identification document (other than a passport) and any employment authorization document.

4.      Nothing in this order prevents an Immigration Judge from granting a request by Petitioner for a continuance in his bond proceedings.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. The parties are encouraged to meet and confer on any fee request before filing a petition.

Dated this 30th day of June, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4